IN THE SUPERIOR COURT



**FILED**
May 26, 2021
SX-2019-CV-00112
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

JACLN O'GARRO,

PLAINTIFF,

v.

DR. GASNEL E. BRYAN, DR. RON
ANDERS AND THE VIRGIN ISLANDS
HOSPITALS AND HEALTH FACILITY
CORPORATION,

DEFENDANTS.

SX-19-CV-112

ACTION FOR DAMAGES

Jury Trial Demanded

Cite as: 2021 VI SUPER 55U

Appearances:

**Lee J. Rohn, Esq.**
1108 King Street, Suite 3
56 King Street, Third Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820
*For Plaintiff*

**Denise N. George, Esq.**
Assistant Attorney General
#213 Estate La Reine
Kingshill, VI 00850
*For Defendant*

## MEMORANDUM OPINION

**¶ WILLOCKS, Presiding Judge**

¶1    **THIS MATTER** is before the Court on Jaclyn O' Garro's (hereinafter "Plaintiff") Motion to Compel Virgin Islands Hospitals and Health Facilities Corporation (hereinafter "Defendant") to Supplement Discovery Responses filed on April 28, 2020. Defendant filed an Opposition to Plaintiff's Motion to Compel on May 7, 2020.

For the reasons stated herein, the Court will **GRANT** Plaintiff's Motion to Compel Defendant to Supplement Responses Nos. 9, 11, 19, and 23 and **DENY** Nos. 5, 6, 8, 12, and 18. Further, Nos. 20-22 will be **DENIED** unless the Defendant, with reasonable efforts, can locate the information.

*Jaclyn O'Garro v. Dr. Gasnel E. Bryan, Dr. Ron Anders and the Virgin Islands Hospitals and
Health Facility Corporation*
SX-19-CV-112
**Memorandum Opinion**
Page 2 of 10

**2021 VI SUPER 55U**

## I.  Discussion

### i.  Meet and Confer Requirement—V.I. R. Civ. P. 37-1

¶2     If a party served fails to make all necessary disclosures as required by V.I. R. Civ. P. 33, the

party requesting disclosure may move to compel discovery under V.I. R. Civ. P. 37(a)(1).[1] The Motion

must satisfy certain requirements.[2] Specifically, the "motion must include a certification that the

movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." V.I. R. Civ. P. 37(a)(1).[3] The

certification must demonstrate in writing that, prior to filing, counsel for the parties attempted to meet

and "confer in good faith effort to eliminate the necessity for the motion to eliminate as many of the

disputes as possible." V.I.R. Civ. P. 37-1(a).[4]

¶3     Plaintiff attached a Certification Pursuant to V.I.R. Civ. P. 37-1. (See Plaintiff's Motion to

Compel p.15). Plaintiff wrote to Defendant with information about its discovery responses. (*See*

Exhibit 1). At the end of the e-mail, Plaintiff wrote that a meet and confer could be held regarding the

discovery issues. (*See* Exhibit 1 p. 13). A meet and confer was held on March 17, 2020 at 11:00 a.m.

and Defendant agreed to supplement some of its responses but not all. (*See* Exhibit 2). The Court finds

this sufficient pursuant to LRCi 37.1.

### ii.  Motion to Compel Legal Standard

¶4     "For discovery to progress effectively, each party must provide truthful, complete, candid, and

explicit responses to each individual discovery request."[5] Regarding interrogatories, the responding

party must answer each interrogatory "separately and fully in writing," unless the responding party

---

[1] *Cruz v. Virgin Islands Water & Power Auth.,* 2020 V.I. LEXIS 45 (Super. Ct. 2020).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* (citing *Donastorg,* 2019 V.I. LEXIS 66 at 10, 2019 VI SUPER 66U, ¶ 18 at 3).

demonstrates that he cannot do so "with the exercise of reasonable efforts."[6] *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (b).[7] Only when the responding party has made this representation can he state that the answer to an interrogatory may be determined by examining other documents.[8] *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (d). Otherwise, answering an interrogatory by merely "referring to pleadings or other discovery is insufficient." 96 A.L.R. 2D 598 (1964) (collecting cases).[9]

### Interrogatory No. 5:

> **Interrogatory No. 5:** Identify by date and parties involved, any and all communications/consultations regarding the removal of Plaintiffs left and/or right ovary in September 2018, among any of the Defendant's employees, contractors, associates and others, including the nature/substance of such communication and/or consultation, the reason for same, the results of the same, and all actions taken by Defendant, any Co-Defendant and/or by Plaintiff in response to such communication and/or consultation.

> **Response to Interrogatory No. 5:** All communications regarding plaintiff's care while at the hospital are contained in the medical records previously produced.

### Interrogatory No. 6:

> **Interrogatory No. 6:** Describe all verbal and/or written instructions and communications of any type whatsoever regarding the removal of her left and/or right ovary provided to Plaintiff by and of Defendant's employees, contractors, associates or and Co-Defendant in September 2018.

> **Response to Interrogatory No. 6:** See response to No. 5

¶5     Pursuant to the Rules of Civil Procedure, "an interrogatory may relate to any matter that may be inquired into under Rule 26(b) [generally, that it is relevant and discoverable]." V.I.R. Civ. P. 33(a)(2). Each interrogatory must be answered fully and any grounds for objection must be stated or it may be waived. V.I.R. Civ. P. 33(b)(3)-(4).

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

*Jaclyn O'Garro v. Dr. Gasnel E. Bryan, Dr. Ron Anders and the Virgin Islands Hospitals and Health Facility Corporation*
SX-19-CV-112
**Memorandum Opinion**
Page **4** of **10**

**2021 VI SUPER 55U**

¶6     Regarding interrogatories, the responding party must answer each interrogatory "separately and fully in writing," unless the responding party demonstrates that he cannot do so "with the exercise of reasonable efforts." *Cruz v. Virgin Islands Water and Power Authority*, 2020 LEXIS VI 45 (Super. Ct. 2020). *See also* V.I. R. Civ. P. 33 advisory committee's note to subpart (b). Only when the responding party has made this representation can he state that the answer to an interrogatory may be determined by examining other documents. *See* V.I. R. Civ. P. 33 advisory committee's note to subpart (d).

¶7     Defendant alleges that Nos. 5 and Nos. 6 should not be supplemented because this information is contained in the medical records which are detailed and self-explanatory. (*See* Defendant's Opp. p. 4). In addition, Defendant meets their burden because they represented that it would be unreasonable when all aspects of the record are in real time by minute. (See Defendant's Opp. p. 4). Pursuant to the rule, Defendant only needs to state why doing so cannot be done even with the exercise of reasonable efforts. The Court finds a detailed minute by minute recording to be sufficient to Plaintiff's interrogatories and that it would be unreasonable to have Defendant simply narrate what is already highly detailed. Thus, the Court will **DENY** supplementation for interrogatories No.5 and No. 6.

**Interrogatory No. 8:**

> **Interrogatory No. 8:** Describe in detail any and all diagnoses made by any of Defendant's employees, and/or Co-Defendant Dr. Gasnel E. Bryan, and/or Co-Defendant Dr. Ron Anders, including but not limited to any and all medical practitioners, physicians, and/or surgeons concerning Plaintiff, at any time in September 2018, describe any and all treatment/care plans/recommendations made, and identify all persons who participated in same and identify all criteria/tests relied upon in making said diagnoses and treatment plans.

> **Response to Interrogatory No. 8:** Plaintiffs pre-operative diagnoses were (1) progressive pelvic pain and (2) pelvic mass. Plaintiffs post-operative diagnoses are (1) Right tubo-ovarian complex; (2) hemorrhagic cyst of right ovary; (3) extensive pelvic adhesions.

**Interrogatory No. 12:**

*Jaclyn O'Garro v. Dr. Gasnel E. Bryan, Dr. Ron Anders and the Virgin Islands Hospitals and Health Facility Corporation*
SX-19-CV-112
**Memorandum Opinion**
Page **5** of **10**

**2021 VI SUPER 55U**

> **Interrogatory No. 12:** State in complete detail all complaints, concerns and/or any statements whatsoever, made by Plaintiff to Defendant's employees and/or to any Co-Defendant in this matter, and/or to any health practitioner, physician and/or surgeon, concerning the treatment of Plaintiff, identify each person to whom the same were made, and give a factual summary of the course of action, treatment, and/or care provided to her as a result, together with applicable dates.
>
> **Response to Interrogatory No. 12**: None that we are aware of except this lawsuit.

¶8 This Court has held when a response is blatantly insufficient it will be ordered to be supplemented. *See Kralik v. Osage STX Holdings, LLC*, 2020 VI SUPER 69 (Super. Ct. 2020) (holding responses were blatantly insufficient)). The Court does not find Plaintiff's reasoning for compelling supplementation on No. 8 or No. 12 to be instructive here because the Defendant does not need to show that information would be unreasonable—Defendant simply answered the interrogatory. Thus, the Court will **DENY** supplementation on No. 8 and No. 12.

**Interrogatory No. 9:**

> **Interrogatory No. 9:** Identify any and all lawsuits, claims, and complaints alleging negligence or malpractice in connection with failing to remove the correct organ/body part and/or removing the incorrect organ/body part at the Juan Luis Hospital during the past 5 years, and as to each, state the names of the parties, the court and docket number where filed, the nature of the allegations, and the ultimate disposition or status of the matter.
>
> **Response to Interrogatory No. 9:** Objection. Overbroad and irrelevant.

¶9 Pursuant to the Rules of Civil Procedure, "an interrogatory may relate to any matter that may be inquired into under Rule 26(b) [generally, that it is relevant and discoverable]." V.I.R. Civ. P. 33(a)(2). Each interrogatory must be answered fully and any grounds for objection must be stated or it may be waived. V.I.R. Civ. P. 33(b)(3)-(4). The Court determines whether information is relevant by the standard provided by Virgin Islands Rule of Evidence 401. *See Donastorg*, 2019 V.I. LEXIS 66 at 5-6, 2019 VI SUPER 66U, ¶11, at 2. Under this rule, relevant information is that which has the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without [it]." *Donastorg*, 2019 V.I. LEXIS 66 at *6, 2019 VI SUPER 66U, ¶12, at *2; *See also Thomas v. People of the V.I.*, 60 V.I. 183, 196 (V.I. 2013).

¶10    The Court finds this interrogatory relevant because the fact that medical malpractice in the form of negligent removal of a body part within Juan Luis Hospital has happened before may make it more likely it has happened again. At this point in the discovery process this information should be available to the Plaintiff, however, it does not have to mean this information would be admissible in evidence.[10] Thus, the will **GRANT** supplementation on Interrogatory No. 9.

**Interrogatory No. 10:**

> **Interrogatory No. 10:** State whether the Defendant's business and/or operator's license to practice has ever been limited, restricted, denied, revoked, or suspended and/or compromised, and if so, state the applicable dates, each reason for same, the current status of such business and/or operator's license, and the identity of the person, committee, board or other such entity initiating each and every such action against the business and/or operator's license.
>
> **Interrogatory No. 10:** Objection, irrelevant.

**Interrogatory No. 11:**

> **Interrogatory No. 11:** State whether the Defendant's accreditation has ever been limited, delayed, restricted, denied, taken away, revoked, reduced or suspended and/or compromised, and if so, state the applicable dates, each reason for same, the identity of the person, committee, board or entity initiating each and every such action relating to accreditation, and the current status of each such accreditation action.
>
> **Response to Interrogatory No. 11:** Objection, irrelevant.

¶11    Again, this is relevant to the claim of medical malpractice and the answer has a tendency to make the fact Juan Luis Hospital was negligent more likely. Defendant makes the argument that because accreditation is "peer review" it is not discoverable but fails to cite to any law or policy that would persuade this Court. May the Court set this as a reminder to Defendant and other litigants during the discovery process that the Court will not make arguments for them. Therefore, and pursuant to the

---

[10] Information within this scope of discovery need not be admissible in evidence to be discoverable." *Donastorg v. Walker*, No. ST-17-CV-393, 2019 V.I. LEXIS 66, 2019 VI SUPER 96U, ¶11, at 2 (V.I. Super. Ct. July 11, 2019).

Virgin Islands Rules of Evidence 401, the Court will **GRANT** supplementation on Interrogatory No. 11.

**Interrogatory No. 18:**

> **Interrogatory No. 18:** Please identify and describe with particularity any and all acts and/or omissions on the part of Plaintiff that Defendant contends caused and/or contributed in any manner to the failure of Defendants to properly recognize and address Plaintiffs concerns as set forth in Plaintiffs First Amended Complaint, identify all persons who will testify to this effect and identify all documents, test results, and/or medical literature relied upon in support of any and/or all of these contentions/facts.

> **Response to Interrogatory No. 18:** Defendants did not fail to recognize and address Plaintiff's concerns. All caretakers will testify to that.

**Interrogatory No. 19:**

> **Interrogatory No. 19:** If Defendant contends that the treatment of Plaintiff by Co-Defendants in September 2018 met or exceeded the appliable medical standard of care, please identify this standard of care, please state factual and/or medical basis for this contention, identify at least two (2) persons who will testify to these facts and identify all documents, test results, and medical literature relied upon in support of any and/or all of these contention/facts.

> **Response to Interrogatory No. 19:** The applicable standard of care is contained in the AGOG guidelines on ovarian cysts.

¶12     In the absence of a demonstrated need for the specific information sought, a request can be overbroad and unduly burdensome. *Sheesley*, 2018 V.I. LEXIS 42 (Super. Ct. 2018). With regard to Interrogatory No. 18, this Court finds that Defendant has sufficiently answered the Interrogatory and the Court will not compel a party to answer in an opposite way. Supplementation of an interrogatory should not be used for any other purpose than to require an answer when there is an insufficient response. Therefore, the Court will **DENY** Plaintiff's request on No. 18.

¶13     This Court has held when a response is blatantly insufficient it will be ordered to be supplemented. *See Kralik v. Osage STX Holdings, LLC*, 2020 VI SUPER 69 (Super. Ct. 2020) (holding responses were blatantly insufficient)). The Court finds this to be the case here. Defendant's response is insufficient because it does not even describe what the AGOG is and it does not answer the

statement, and the Court finds this relevant to Plaintiff's medical malpractice claim. The Court will

**GRANT** Plaintiff's motion to compel on Interrogatory No. 19.

## Interrogatory No. 20:

**Interrogatory No. 20:** Please identify any and all Medical Malpractice Review Committees that were convened to review/investigate in any manner the claims made by Plaintiff concerning Defendant, identify all persons who sat as members on this committee, identify any and all reports prepared by this committee, and describe in detail any and all findings and/or conclusions reached by this committee, and if no Medical Malpractice Review Committee was so convened, state all reasons why this was not done.

**Response to Interrogatory No. 20:** I do not have any information on the actions of the MMARC.

## Interrogatory No. 21:

**Interrogatory No. 21:** Please identify any and all Medical Malpractice Review Committees that were convened to review/investigate in any manner that claims made by Plaintiff concerning Co-Defendant Dr. Gasnel E. Bryan, identify all persons who sat as members on this committee, identify any and all reports prepared by this committee, and describe in detail any and all findings and/or conclusions reached by this committee, and if no Medical Malpractice Review Committee was so convened, state all reasons why this was not done.

**Response to Interrogatory No. 21**: I do not have any information on the actions of the MMARC.

## Interrogatory No. 22:

**Interrogatory No. 22**: Please identify any and all Medical Malpractice Review Committees that were convened to review/investigate in any manner the claims made by Plaintiff concerning Co-Defendant Dr. Ron Anders, identify all persons who sat as members on this committee, identify any and all reports prepared by this committee, and describe in detail any and all findings and/or conclusions reached by this committee, and if no Medical Malpractice Review Committee was so convened, state all reasons why this was not done.

**Response to Interrogatory No. 22:** I do not have any information on the actions of the MMARC.

¶14    Plaintiff basically contends that the Medical Malpractice Action Review Committee (hereinafter "MMARC") does not even exist. (*See* Plaintiff's Reply p.2). Plaintiff also claims that if the MMARC does exist that it is not confidential. (*See* Plaintiff's Reply p. 2-3). Plaintiff is correct in

arguing that the information and decisions by the MMARC are intended to be open to the claimant and shared with the claimant. *See* V.I. Code Title 27 §166i (a). However, if the Defendant claims they have no information the Court cannot compel Defendant to provide something they do not have. The Court finds that Defendant did not specify that they could not, with reasonable efforts, obtain that information.

¶15     Therefore, the Court will **DENY** Plaintiff's Motion to Compel on Nos. 20-22 only to the extent that Defendant cannot reasonably obtain the MMARC information. If Defendant obtains any information or has in their possession information that would answer Plaintiff's Interrogatories than it should be submitted to Plaintiff and filed as a Notice to the Court **within fourteen (14) days** of date of entry of this Order. If Defendant does not find any information after reasonable efforts, file a Notice with the Court that no information was found **within the fourteen (14) day** timeframe.

**Interrogatory No. 23:**

> **Interrogatory No. 23:** Please identify any and all insurance funds established by the Government of the Virgin Islands for medical malpractice claims, the date that said funds were established, identify any and all reports made by Defendant and/or the Government of the Virgin Islands to any representative of the funds, and state the date and content of each such report.
>
> **Response to Interrogatory No. 23:** The fund established to pay malpractice claims is governed by statute. 19 V.I.C. 166e.

¶16     This response is blatantly insufficient. The Defendant gives no explanation as to why they answered in this way because it does not reasonably answer Interrogatory No. 23, nor does it explain why Defendant could not do so with reasonable efforts. Thus, the Court will **GRANT** supplementation on Interrogatory No. 23.

*Jaclyn O'Garro v. Dr. Gasnel E. Bryan, Dr. Ron Anders and the Virgin Islands Hospitals and Health Facility Corporation*
SX-19-CV-112
**Memorandum Opinion**
Page **10** of **10**

**2021 VI SUPER 55U**

## II.    CONCLUSION

Thus, the Court will **GRANT** Plaintiff's Motion to Compel Defendant to Supplement Responses

Nos. 9, 11, 19, and 23 and **DENY** Nos. 5, 6, 8, 12, and 18. Nos. 20-22 will be **DENIED** unless the

Defendant, with reasonable efforts, can locate information.

It is hereby:

**DONE and so ORDERED this** 26ᵗʰ **day of** May **, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
**Tamara Charles, Clerk of Court**

Date

Supervisor Signature

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

JACLYN O' GARRO,

PLAINTIFF,

v.

DR. GASNEL E. BRYAN, DR. RON ANDERS AND THE VIRGIN ISLANDS HOSPITALS AND HEALTH FACILITY CORPORATION,

DEFENDANT.

SX-19-CV-00112

ACTION FOR DAMAGES

Jury Trial Demanded

Cite as: 2021 VI Super 55U

## ORDER

**AND NOW**, consistent with this Court's Memorandum Opinion entered in the above-captioned matter on even date, it is hereby:

**ORDERED** Plaintiff's Motion to Supplement Interrogatory No. 5 is **DENIED**; it is further

**ORDERED** Plaintiff's Motion to Supplement Interrogatory No. 6 is **DENIED**; it is further

**ORDERED** Plaintiff's Motion to Supplement Interrogatory No. 8 is **DENIED**; it is further

**ORDERED** Plaintiff's Motion to Supplement Interrogatory No. 12 is **DENIED**; it is further

**ORDERED** Plaintiff's Motion to Supplement Interrogatory No. 18 is **DENIED**; it is further

**ORDERED** Interrogatory **No. 9** shall be supplemented; it is further

**ORDERED** Interrogatory **No. 11** shall be supplemented; it is further

**ORDERED** Interrogatory **No. 19** shall be supplemented; it is further

**ORDERED** Interrogatory **No. 23** shall be supplemented; it is further

**ORDERED** Interrogatory **Nos. 20-22** are **DENIED** only to the extent that Defendant cannot reasonably obtain the MMARC information. If Defendant obtains any information or has in their possession information that would answer Plaintiff's Interrogatories than it should be submitted to Plaintiff and by Notice to the Court **within fourteen (14) days** of the filing of this Order. If Defendant does not find any information after reasonable efforts, they should Motion to the Plaintiff and file a Notice with the Court that no information was found **within the fourteen (14) day** timeframe.

It is hereby:

**DONE and so ORDERED this** _____ **day of** _____ **, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
**TAMARA CHARLES**
Clerk of Court

Supervisor Signature CC

5/26/2021
Date